WILLIAM SPRAGUE, 3D, *vs.* WILLIAM SPRAGUE.

A testator's will directed the executors to invest a certain sum in realty and to take a deed thereof in trust for the use and benefit of a son B. during life, afterward to B.'s children, including those before named, and to his heirs forever.  The deed was taken in trust, to permit B. to occupy and enjoy during life without rent and after B.'s death to convey in equal shares to the children or descendants of B., *per stirpes*, to them and their heirs.  B. had four children.  B. and one of the children, S., jointly conveyed one undivided fourth of the realty to M., who reconveyed to S., whereupon S. filed a bill in equity against the trustee executor for a release of the legal estate in one undivided fourth of the realty.

*Held*, that the trust of the deed was not executed by the statute of uses.

*Held*, further, that the deed did not conform to the directions of the will.

*Held*, further, that the *cestuis* were entitled to have the deed conform to the will.

*Held*, further, that the limitations prescribed by the will fell within the rule in Shelley's case.

*Held*, further, that the complainant, although filing a bill separate from the other *cestuis*, was entitled to the relief prayed for.

BILL IN EQUITY to remove a cloud upon title to realty and to terminate a trust.   On demurrer to the bill.

*July* 7, 1882.   DURFEE, C. J.   The facts, as stated in the bill which is demurred to, are the following, to wit:  William Sprague, the grandfather of the parties to the suit, died January 25, 1834, leaving a will, subsequently admitted to probate, which contained the following clause or bequest, to wit:  " I give and bequeath

unto my son Benoni the sum of five thousand five hundred dollars to and for his use and benefit during the term of his natural life. And I do hereby order and direct my executors hereinafter named within one year after my decease to invest the said sum of five thousand five hundred dollars, or so much thereof as in their discretion may seem advisable, in real estate, and to take a deed thereof in trust to and for the use and benefit of my said son Benoni during his life, and afterward to his children, including those before named, and to his heirs forever." The testator's two sons, Amasa and William, were named as executors of the will, and qualified as such.   In 1844, William, said Amasa having died, did, as surviving executor or trustee, invest a portion of the $5,500, bequeathed as aforesaid, in real estate, taking conveyance to himself, to have and to hold, to him his heirs and assigns, " in trust that he shall suffer and permit the aforenamed Benoni Sprague to use, occupy, possess, and enjoy the aforegranted premises for and during the time of his, the said Benoni Sprague's, natural life without being liable to any charge for rent therefor, and from and after the decease of the said Benoni Sprague, then in further trust to convey said premises in equal shares to the child or children or their descendants of the said Benoni Sprague, said descendants taking the share to which their parents would have been entitled if living, to them, their heirs and assigns forever." Benoni Sprague is still living in the seventy-ninth year of his age.   He had at the decease of the testator three children, to wit : Benoni, Henry, and Susan, who were all named in the will in a part preceding the clause above recited.   Benoni, the younger, died in 1853, leaving his mother, the wife of Benoni, Senior, who is still living, his sole heir at law.[1]   A year after the death of the testator, Benoni, Senior, had a fourth child born to him, namely, William Sprague, the complainant.   The four children aforesaid are the only children that Benoni, Senior, ever had, and all of them but Benoni, Junior, are still alive.   August 31, 1881, Benoni, Senior, and the complainant jointly conveyed one undivided fourth part of the real estate aforesaid to one Rollin Mathewson, who the same day con-

---

[1] So charged in the bill, admitted by the demurrer, and explained in the argument.

veyed the same to the complainant.   The complainant claims that under said conveyances he is entitled to said undivided fourth in fee simple, and alleges that, on October 18, 1881, he applied to the defendant, who is now, by appointment of this court, trustee in place of William Sprague, his uncle, deceased, to give him a deed of release and quitclaim of said undivided fourth, offering to pay the cost thereof, which request the defendant refused to perform. The complainant, therefore, asserting that said trust deed is a cloud · on his title, prays that the defendant may be decreed to execute such a deed of release and quitclaim, and for general relief.

The complainant contends that there is no legal title in the trust estate outstanding in the defendant, the trust having been executed by the statute of uses.   We do not think this position, looking simply to the trust deed in its legal aspects, is tenable. The conveyance to the original trustee was a conveyance to him *in trust to convey*, after the death of Benoni Sprague, Senior, to his children or their descendants.   It imposed an active duty on the trustee which he could not perform unless he retained the legal estate.   And this court, as well as other courts, has held that when such a duty is imposed, though it be merely the formal or ministerial duty of conveying the estate, the trust is not executed until the duty either actually has been or may be presumed to have been performed.   *Read* v. *Power*, 12 R. I. 16 ; *Doe on dem. Booth* v. *Field*, 2 B. & Ad. 564, 570 ; *Edmundson* v. *Dyson*, 2 Ga. 307 ; *Doe on dem. Shelley* v. *Edlin*, 4 A. & E. 582, 591 ; *Mott* v. *Buxton*, 7 Ves. Jun. 201 ; Perry on Trusts, § 305 and cases cited ; Hill on Trustees, *232.   The deed, however, does not conform to the will. If it did conform to it, it would vest the estate in the trustee and his heirs in trust for Benoni Sprague, Senior, for life, remainder for his children for life, remainder for his heirs, which latter remainder, under the rule in *Shelley's Case*, would be in legal effect a remainder to said Benoni in fee simple.   For though the devises to the children and to the heirs are not expressed in terms to be consecutive devises, nevertheless they must be so understood ; for it is manifest that the words " his heirs forever " cannot have been intended to designate particular persons to take as tenants in common with his children, but must have been meant to designate

" the entire line of inheritable blood," and therefore must necessarily be construed as words of limitation. Moreover the children, so called, cannot themselves be regarded simply as heirs, because, if for no other reason, the eldest of them, as appears by the bill, was not legally in the line of descent. 4 Greenleaf's Cruise, *305; 6 Ib. *277, *278; 2 Washburn Real Property, cap. vii. §§ 9, 12; *Doe on dem. Nicholson* v. *Welford*, 12 A. & E. 61, 72. If the trust had been so constituted it would have been a purely passive trust, and would have been instantaneously executed in the *cestuis que trustent* by the statute of uses. There can be no doubt that it is the right of the *cestuis que trustent* to have the trust deed conform to the directions of the will, for the will is the sole source both of the powers of the trustee and of the rights of the *cestuis*, and the deed is but the creation of the will. 4 Kent Comment. *327–*337; 1 Perry on Trusts, §§ 248–254; 2 Sugden on Powers, *158, *159. And though it might be better, perhaps, for all the *cestuis que trustent* to join in the suit for the reconstitution of the trust in conformity with the will, in order to avoid any possible complication, yet nevertheless we see no serious objection to entertaining the separate suit of the complainant, inasmuch as he has, by virtue of the conveyances above stated, one undivided quarter of the entire equitable or beneficial estate, and it is only necessary for the trustee to convey or release to him one undivided quarter of the legal estate, or so much thereof as is still outstanding in the trustee, for him to get precisely the same estate which he would have under the conveyances before stated, if the trust had been originally constituted as directed by the will.

*Demurrer overruled.*

*Rollin Mathewson*, for complainant.
*Edward C. Ames & Samuel Ames*, for respondent.